IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 03-cv-00126 (BNB)
(Consolidated Case No. 04-cv-01776)

GERALD J. THOMPSON,

    Plaintiff,

v.

HOME DEPOT U.S.A, INC., doing business as The Home Depot, a Delaware corporation,

    Defendant.

_____

Civil Action No. 04-D-1776 (BNB)

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

v.

HOME DEPOT U.S.A. INC., doing business as The Home Depot, a Delaware corporation,

    Defendant.

_____

**ORDER**
_____

I.    INTRODUCTION:

    THIS MATTER is before the Court on the Motion for Approval of EEOC's Recommended Final Class Distribution List, filed January 18, 2006 (docket #s 63 and 66) ("Motion for Approval").  A hearing was held on April 11, 2006.  For the reasons set forth on record at the hearing and in this Order, the Motion for Approval is **GRANTED**.

II.     BACKGROUND:

This civil rights action filed by the EEOC on behalf of a class of individuals employed by Defendant Home Depot U.S.A., Inc. ("Home Depot") in Colorado alleges claims for hostile work environment based on gender, race, and/or national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, et seq.  The EEOC case was originally filed under Civil Action No. 1:04-cv-01776, but was later consolidated with another civil action styled *Gerald J. Thompson v. Home Depot* U.S.A. Inc., Civil Action No. 1:03-cv-00126.

On September 23, 2004, I approved and entered a Consent Decree in the consolidated case, which provides for a Class Settlement Fund of $2,500,000.00. Pursuant to the Consent Decree, notices and claim forms were sent to all individuals employed by Home Depot in Colorado from January 1, 2000, through September 24, 2004.  A total of 954 claim forms were returned and 648 claimants were determined to be eligible Class Members and entitled to a Claim Share from the Class Settlement Fund.

The eligible claimants were sent a notice containing an explanation of the criteria necessary to establish eligibility under either the retaliation or hostile environment theory, a statement of whether the claimant had met the criteria for each theory, an explanation of the right to request review of the determination, and an offered Claim Share Amount.  Eligible claimants were also provided with an explanation of the claims waived by accepting the offered Claim Share Amount.  Claimants determined to be ineligible were sent a notice containing an explanation of the criteria

necessary to establish eligibility under either the retaliation or hostile work environment theory and an explanation of the claimant's right to request review of the determination of ineligibility.

Forty claimants filed a Request for Review from the EEOC.  Each claimant who requested EEOC review was sent a notice explaining the claimant's right to seek court review pursuant to ¶ 47.04 of the Consent Decree.  Of the forty claimants who requested EEOC review, twenty-four accepted the offered Claim Share Amount.  Of the sixteen claimants who did not accept the offered Claim Share Amount, nine returned forms requesting court review, five returned forms indicating that they did not seek court review, and two of the claimants did not indicate their preference.  The EEOC has submitted for review the nine claimants who requested court review and the two who failed to indicate their preference.  Finally, the EEOC filed the EEOC's Proposed Final Class Distribution List and Status Report on April 4, 2006, in which the EEOC states that it received an additional release from a claimant after the Motion for Approval was filed and several months after such releases were due to be returned to the EEOC.  The EEOC submits this late claim for review.

II.     ANALYSIS

    A.     The Consent Decree

Various provisions set forth in the Consent Decree are relevant to the review I must conduct in this case.  As to the evaluation of class claims, the Consent Decree provides in relevant part:

> **46.03 Evaluations of Class Claims:** All Class Claim Forms shall be submitted to the Administrator. The Administrator shall evaluate the claims of all Class Claimants, based upon the criteria set forth in Paragraph 46.04, and make recommendations to the EEOC on (a) who among the Class Claimants meet the criteria to participate as Class Members, and (b) the amount of each Class Member's Claim Share. . . . The EEOC has final authority for determining which Class Claimants meet the criteria to participate as Class Members and the amount of each Class Member's Claim Share. The EEOC's final determinations will be based on the criterial set forth in Paragraph 46.04, and whatever evidence the EEOC deems appropriate, including evidence received by the EEOC during its investigation of the charges underlying this action and evidence received in connection with the claims process provided under the Consent Decree.

The Consent Decree contains the following provisions regarding the criteria to be applied in determining whether an individual claimant was an eligible Class Member under a hostile work environment theory or a retaliation theory:

> **46.06.01 Retaliation:** Whether the Claimant has established that he or she (a) was employed by Home Depot in Colorado during the Relevant Time Period; (b) engaged in protected conduct under Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a); and (c) because of the protected conduct was subjected to some adverse employment action by Home Depot during the Relevant Time Period.

> **46.04.02 Harassment/Hostile Work Environment:** Whether the Claimant has established that during the Relevant Time Period, (a) he or she was verbally or physically harassed based on gender, sex, race, and/or national origin, or subjected to a hostile work environment based on gender, sex, race and/or national origin; and (b) that such harassment and/or hostile work environment was sufficiently severe or pervasive to alter the Claimant's terms and conditions of employment.

The EEOC utilized a six-page claim form to elicit the facts necessary to determine

whether a claimant had alleged facts sufficient to be eligible for a share of the Class Settlement Fund under either theory. Questions 9-16 on the claim form relate to the retaliation claim and Questions 17-18 relate to the hostile work environment claim. Question 19 on the claim form elicited information regarding a claimant's emotional distress damages.

Once the EEOC determined that a claimant met the criteria for eligibility under either a hostile work environment theory or a retaliation theory, that claimant's "Claim Share Amount" was calculated based on the following provisions in the Consent Decree:

> **46.04.03 Valuation of Claim Share:** The value of Claim Shares will be based on the duration and severity of the unlawful employment practices and, as appropriate, the extent of the harm and/or economic losses suffered.

The Claim Share Amount for each eligible claimant was determined by awarding points up to a maximum of fifty total points. A claimant eligible under the retaliation theory was awarded fifteen base points, and up to twenty additional points based on the category of economic harm suffered as a result of the retaliation. A claimant eligible under the hostile work environment theory was awarded five base points. A claimant eligible under either theory was awarded up to ten additional points based on information provided in response to Question 19.

Pursuant to paragraph 47.06 of the Consent Decree, I shall change the EEOC's determination "only upon a finding that the EEOC's determination constitutes a gross deviation from the EEOC's application of the provisions contained in Paragraph

46.03."[1]  I cannot change the EEOC's determination simply because a claimant feels that the Claim Share Amount he or she was awarded is inadequate to compensate for the harm suffered.

    B.    Claims Submitted for Review

        1.    Shellie Jones

Ms. Jones was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. In her request for court review, Ms. Jones states that she agrees with the determination of her claim, but not the amount offered. In her response to the Motion for Approval, filed February 9, 2006, Ms. Jones again requests that the court increase her claim share, and also requests that the Court determine that the settlement is punitive damages and, therefore, non-taxable, and order Home Depot to reverse the Non-Rehire job status that she was given when she was fired. Ms. Jones's testified at the April 11, 2006, hearing via video teleconference.

I have reviewed Ms. Jones's claim and have considered her testimony at the hearing. As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered. Nor am I able to grant the additional relief Ms. Jones requests. My review of Ms. Jones's claim is limited to a review of whether the EEOC's determination of her claim constitutes a gross deviation from the provisions contained in Paragraph 46.03 of the Consent Decree. I find that the EEOC

---

[1] The Consent Decree erroneously refers to "the provisions contained in Paragraph 43.03." It is clear that this reference is in error because Paragraph 46.03 details the procedures for evaluating claims.

-6-

did not grossly deviate from the provisions contained in Paragraph 46.03, and I approve the EEOC's determination of Ms. Jones's claim.

      2.     Simona Fehrle

Ms. Fehrle was approved as an eligible class member under the hostile work environment theory. In her request for court review, Ms. Fehrle complains that but for the actions of Defendant, she would have progressed to the position of assistant manager at this stage of her career. On February 2, 2006, Ms. Fehrle filed a response to the Motion for Approval in which she states that she believes she should have received points for economic harm due to "lost promotional opportunity." Ms. Fehrle also questions whether she was awarded points based on her response to Question 19 that she was "forced to work while sick or injured." Ms. Fehrle testified at the April 11, 2006, hearing.

I have reviewed Ms. Fehrle's claim and have considered her testimony at the hearing. Economic harm was only measured for claimants who were eligible under the retaliation theory. Ms. Fehrle was not found eligible under the retaliation theory because she did not complete the retaliation portion of her claim form. Therefore, she is not eligible to receive points based on alleged "lost promotional opportunity." However, it appears that Ms. Fehrle was properly awarded points based on her responses to Question 19.

Based on the record before me, I cannot say the that EEOC's determination of Ms. Fehrle's claim was a "gross deviation from the EEOC's application of the provisions contained in Paragrpah 46.03." To the extent Ms. Fehrle is asserting that her claim

-7-

share amount is inadequate to compensate the harm suffered, I cannot change the EEOC's determination on this basis. I approve the EEOC's determination of Ms. Fehrle's claim.

### 3. Dennis Spurrier

Mr. Spurrier was approved as an eligible Class Member under the hostile work environment theory. Mr. Spurrier was not approved under the retaliation theory because there is nothing in his claim form indicating that the adverse action taken against him was linked to his complaints about race discrimination. In his request for court review, Mr. Spurrier generally reiterates the facts set forth in his claim form. I have reviewed Mr. Spurriers' claim, and I find that the EEOC's determination of Mr. Spurrier's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Mr. Spurrier's claim.

### 4. Robert Dalton

Mr. Dalton was not approved as an eligible Class Member under either the retaliation theory or the hostile work environment theory because the EEOC concluded that "the conduct he describes as discriminatory and retaliatory is based on his disabilities, not based on gender, race, or national origin." In his request for court review Mr. Dalton discusses incidents involving Home Depot's alleged failure to accommodate his medical appointments and medical requirements due to diabetes. Mr. Dalton testified at the April 11, 2006, hearing. I have reviewed Mr. Dalton's claim and have considered his testimony at the hearing. I agree with the EEOC's

determination that he is not an eligible Class Member in this lawsuit.  This lawsuit does not encompass discrimination based on disability.  Therefore, I find that the EEOC's determination of Mr. Dalton's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03.  I approve the EEOC's determination of Mr. Dalton's claim.

       5.     Andria Miller

Ms. Miller was approved as an eligible Class Member under the hostile work environment theory.  In her request for court review, Ms. Miller requests $17,000.00 of "gross earnings I would have received had I not been discriminated against," and states that she was "the lead sales associate in my department, and was paid 50% of my male associates, of lesser experience."  As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered.  Moreover, damages awarded in this settlement to claimants eligible under the hostile work environment theory are designed to provide compensation for emotional distress, not lost wages.  As the EEOC points out in its Motion for Approval, by accepting the offered Claim Share Amount, Ms. Miller would not waive a properly preserved claim for disparate treatment under Title VII or a properly preserved claim under the Equal Pay Act.  I find that the EEOC's determination of Ms. Miller's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03.  I approve the EEOC's determination of Ms. Miller's claim.

      6.     Jared Whitney

Mr. Whitney was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. In his response to the Motion for Approval, filed February 9, 2006, Mr. Whitney states that the Claim Share Amount "is grossly inadequate to substantiate the public humiliation, ridicule, harassment, and emotional distress that I suffered as an employee working at Home Depot and being subjected to intentional discrimination, a hostile work environment, and retaliation." Mr. Whitney testified at the April 11, 2005, hearing.

I have reviewed Mr. Whitney's claim and have considered his testimony at the hearing. As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered. I find that the EEOC's determination of Mr. Whitney's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Mr. Whitney's claim.

      7.     Patrick Allen

Mr. Allen was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. In his request for court review, Mr. Allen states that the offered Claim Share Amount "is a major error on the part of the EEOC in calculating my financial loss due to the retaliation and harassment/hostile work environment." In his response to the Motion for Approval, filed February 9, 2006, Mr. Allen again challenges the offered Claim Share Amount and requests that the

EEOC grant him a letter to sue.

I have reviewed Mr. Allen's claim. As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered. I further note that in the EEOC's Status Report, filed April 4, 2006, the EEOC states that it has docketed a charge of discrimination on behalf of Mr. Allen which is being processed in accordance with the EEOC's usual procedures and will result in issuance of a Notice of Right to Sue, unless the matter is resolved in the EEOC's alternate dispute resolution process. In any event, I find that the EEOC's determination of Mr. Allen's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the determination of Mr. Allen's claim.

        8.     Stephanie Parish

Ms. Parish was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. As of the filing of the Motion for Approval, Ms. Parish had not indicated whether she requested court review of her claim. In its Status Report, the EEOC states that it has recently received a fully executed release from Ms. Parish, and that Ms. Parish's request for review may be moot. In any case, I have reviewed Ms. Parish's claim, and I find that the EEOC's determination of Ms. Parish's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Ms. Parish's claim.

9.   Theresa Illes

Ms. Illes was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. In her request for court review, Ms. Illes states that she believes her offered Claim Share Amount is "clearly erroneous as I have been rendered completely disabled by Home Depot's discriminatory and retaliatory actions."

I have reviewed Ms. Illes's claim. As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered. I note, however, that Ms. Illes will not waive a properly preserved claim under the Americans with Disabilities Act by accepting the offered Claim Share Amount. I find that the EEOC's determination of Ms. Illes's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Ms. Illes's claim.

10.   Shirley Cressler

Ms. Cressler was approved as an eligible Class Member under both the retaliation theory and the hostile work environment theory. In her request for court review, Ms. Cressler states she does not wish to accept the offered Claim Share Amount as that offer is "grossly insulting." I have reviewed Ms. Cressler's claim. As discussed above, I cannot change the EEOC's determination based solely on a claimant's complaint that the amount of the claim share he or she was awarded is inadequate to compensate for the harm suffered. I find that the EEOC's determination

of Ms. Cressler's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Ms. Cressler's amount.

### 11. Mohammed Pervez

Mr. Pervez was approved as an eligible Class Member under the retaliation theory. In his request for court review, submitted through counsel, Mr. Pervez states that he is seeking review out of concern that accepting the offered Claim Share Amount may waive his right to pursue a claim under 42 U.S.C. § 1981. It is the EEOC's position that Mr. Pervez would not waive a § 1981 claim by accepting the offered Claim Share Amount. I note that the Release which Class Members are required to sign to receive their Claim Share Amount from the Class Settlement Fund states that claimants waive "any and all claims . . . arising out of events which occurred between January 1, 2000 and September 23, 2004, and alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, including 42 U.S.C. § 2000e-3(a), by either (a) retaliation or; (b) hostile work environment based on gender, race, or national origin."

I have reviewed Mr. Pervez's claim, and I find that the EEOC's determination of Mr. Pervez's claim does not constitute a gross deviation from the EEOC's application of the provisions contained in Paragraph 46.03. I approve the EEOC's determination of Mr. Pervez's claim.

### 12. Audra Harris

Ms. Harris was approved as an eligible class member, but did not submit an executed release to the EEOC until February 27, 2006. Because the deadline to

submit releases was October 31, 2005, the EEOC advised Ms. Harris that her release was received too late to be accepted. Ms. Harris testified at the April 11, 2006, hearing. At the hearing, the EEOC and Home Depot conceded that Ms. Harris's claim could be included in the final distribution. I agree with the EEOC that Ms. Harris's claim should be included in the final distribution.

IV.    CONCLUSION

Based on the foregoing, I find that the Motion for Approval of EEOC's Recommended Final Class Distribution List, filed January 18, 2006 (docket #s 63 and 66) should be, and hereby is **GRANTED** as set forth herein. It is hereby

ORDERED that the EEOC's determination with respect to the claims submitted for court review is approved. It is

FURTHER ORDERED that the EEOC shall recalculate the Final Distribution List to include Ms. Harris's claim. The EEOC shall include Ms. Harris's claim either by recalculating only those claims not submitted for court review; or, in the event any Class Member whose claim was submitted for court review rejects the offered Claim Share Amount, by recalculating the claims of all Class Members.

Dated:   April 19, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge